UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SARAH MILLER o/b/o A.J.S.,

       Plaintiff,

         **Hon. Hugh B. Scott**

    v.         **18CV450**

         **CONSENT**

COMMISSIONER,      **Order**

       Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 14 (plaintiff), 19 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 12 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that claimant is not disabled and, therefore, is not entitled to Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (see Docket No. 21, reassignment Order of July 9, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Sarah Miller" or "plaintiff") filed an application for disability insurance benefits on June 26, 2014, on behalf of her son, A.J.S. (hereinafter "claimant") [R. 13]. That application was denied initially. The plaintiff appeared pro se before an Administrative Law

Judge ("ALJ") [R. 10, 146-48], who considered the case de novo and concluded, in a written decision dated April 19, 2017, that the claimant was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on February 16, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on April 16, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 14, 19), and plaintiff duly replied (Docket No. 20). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff is the mother of the infant claimant A.J.S., born November 19, 2009, and a preschooler when she applied and a school-age youth at the time of the hearing. Plaintiff contends that claimant was disabled as of the onset date of June 26, 2014. Plaintiff claims her son had the following impairments deemed to be severe by the Administrative Law Judge: coagulation disorder, von Willebrand disease, speech and language impairment [R. 13]. Plaintiff also claimed that claimant suffered from attention deficit hyperactivity disorder ("ADHD") but the ALJ noted that claimant was never diagnosed with this disorder and hence did not deem it to be severe [R. 14].

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ reviewed the six infant domains, 20 C.F.R. § 416.926a, and concluded that claimant did not have impairment or a combination of impairments with "marked" limitations in two of the domains or at least one domain at the "extreme" limitation [R. 16-22]. The table below lists the domains and the ALJ's finding of degree of impairment.

| Domain | Degree of Impairment |
|---|---|
| Acquiring and Using Information | No limitation |
| Attending and Completing Tasks | No limitation |
| Interacting and Relating with Others | Marked |
| Moving about and Manipulating Objects | Less than marked limitation |
| Caring for Self | No limitation |
| Health and Physical Well-Being | No limitation |

[R. 16-22].

As for acquiring and using information, the ALJ found claimant had no limitation because plaintiff reported in the function report that claimant could count to ten, identify colors, knew his age, and asked what words meant [R. 17, 245-50]. Claimant's kindergarten teacher also noted that claimant had no limitations in his ability in this domain [R. 17, 268-76].

As for attending and completing tasks, the ALJ also found claimant had no limitation because claimant's teacher determined that he had no limitation in attending and completing tasks [R. 18, 271], despite plaintiff saying that claimant pays attention only for thirty minutes [R. 18, 250].

As for interacting and relating with others, the ALJ found claimant was marked [R. 19].

As for moving about and manipulating objects, the ALJ claimant had less than marked limitation, noting that his teacher found that claimant had no limitation moving about [R. 20, 273], although plaintiff stated that claimant was not able to play contact sports or participate in gym [R. 20, 249]. Based on plaintiff's report, the ALJ found claimant had less than marked limitation [R. 20], despite consultative examiner Dr. C. Nohejl finding that claimant's von Willebrand disorder would not cause any limitations in moving about and manipulating objects [R. 20, 173].

As for caring for self, the ALJ found claimant had no limitation based on plaintiff's report that claimant had no limitations in his self-care [R. 21, 250] and as claimant's teacher [R. 21, 274]. Dr. Nohejl observed that claimant had no limitation in caring for himself [R. 21, 174].

Finally, as for health and physical well-being, the ALJ found claimant again had no limitation because claimant's von Willebrand disease and coagulation disorder were well controlled with medication [R. 22].

Considering these domains, the ALJ found that there were no domains that were extreme or two domains at least marked limitation [R. 22]. As a result, the ALJ held that plaintiff was not disabled [R. 22].

The Appeals Council found no reason to review the ALJ's decision [R. 1]. Plaintiff, through counsel [see R. 34, appointment of representative, May 30, 2017] submitted about 100 pages of supplemental medical records [R. 40-140] but the Appeals Council found that this evidence did not change the outcome of the decision [R. 2].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)). *Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C) (see Docket No. 14, Def. Memo. at 11). Under the applicable regulations, the infant claimant must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924. Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain (not claimed here) constitutes a functional equivalent to a listed impairment, id. § 416.926a(d). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or an extreme limitation, id. § 416.926a(b)(1).

"Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-

to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," 20 C.F.R. § 416.926a(e)(2)(i).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from working. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether the claimant is suffering from a disability, the ALJ must employ a multi-step inquiry:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations, as assessed for the six domains of infant functioning.

20 C.F.R. § 416.924(a)-(d); see 20 C.F.R. §§ 416.920, 416.972, 416.923, 416.926, 416.926a; see Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff, who proceeded pro se in the administrative hearing, argues that the ALJ failed to adhere to the heightened duty to develop the record by not contacting claimants elementary school teachers or obtain his medical record (Docket No. 14, Pl. Memo. at 1, 8-12).

Plaintiff next argues that the Appeals Council erred in failing to consider evidence from the relevant period, the 100 pages of medical records from December 2014 to October 2016 [R. 40-140], with this evidence establishing that claimant had more serious limitations in acquiring and using information, attending and completing tasks, and caring for self than was found by the ALJ (Docket No. 14, Pl. Memo. at 1, 12-16; cf. Docket No. 19, Def. Memo. at 14). This new evidence includes an ADHD diagnosis (Docket No. 14, Pl. Memo. at 12-16).

Defendant responds that the ALJ adequately developed the record (Docket No. 19, Def. Memo. at 11-13). The Commissioner argues that plaintiff had the duty to disclose additional related evidence, 20 C.F.R. § 416.912(a)(1) (id. at 11). Reviewing the new evidence, defendant argues that it did not warrant remand (id. at 13-15).

I.   Development of Record

The ALJ has a duty to "adequately protect a pro se claimant's rights 'by ensuring that all of the relevant facts [are] sufficiently developed and considered,'" Cruz v. Sullivan, 912 F.2d 8, 11-12 (2d Cir. 1990), quoting Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980) (Docket No. 10, Pl. Memo. at 10). The ALJ has a further duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," Gold v. Secretary of HEW,

463 F.2d 38, 43 (2d Cir. 1972); Hankerson, supra, 636 F.2d at 895. This Court, in turn, "must determine whether the ALJ 'adequately protect[ed] the rights of [a] pro se litigant by ensuring that all of the relevant facts [are] sufficiently developed and considered,'" Echevarria v. Secretary, HHS, 685 F.2d 751, 755 (2d Cir. 1982) (quoting Hankerson, supra, 636 F.2d at 895). Whether the ALJ met the duty to develop the record is a threshold question before determination of whether the ALJ's conclusions are supported by substantial evidence, Hooper v. Colvin, 199 F. Supp.3d 796, 806 (S.D.N.Y. 2016); Paredes v. Commissioner, No. 16CV810, 2017 U.S. Dist. LEXIS 76403, at *46 (S.D.N.Y. May 19, 2017) (Moses, Mag. J.). If the ALJ fails to develop the record, especially when a claimant is pro se, this Court must remand the case, Paredes, supra, 2017 U.S. Dist. LEXIS 76403, at *47. Hupp v. Commissioner, No. 17CV692, 2018 U.S. Dist. LEXIS 138029, at *5 (W.D.N.Y. Aug. 15, 2018) (Scott, Mag. J.).

Plaintiff represented herself and her son without counsel before the ALJ at the April 14, 2017 hearing [R. 10, 146-48]. During that hearing, plaintiff said she reviewed the list of exhibits at the hearing and stated that she did not have any additional records at that time [R. 149]. Plaintiff testified that claimant was treated for ADHD by a psychiatrist and need to request paperwork to confirm the diagnosis [R. 159]. At the end of the hearing, the ALJ did not give plaintiff a deadline to supplement the record, concluding that he would evaluate the testimony and evidence and render a written decision [cf. R. 165]. The total record in this case consists of 534 pages (Docket No. 12, Admin. Record). Plaintiff retained counsel on May 30, 2017 [R. 34], who later submitted 100 pages of additional medical records, including diagnosis of ADHD [R. 40-140].

Although plaintiff's present counsel has not presented claimant's post-kindergarten education records, during the hearing plaintiff represented herself and offered to bring in additional materials [R. 149, 159]. The only educational record in the March 2017 hearing was kindergarten teacher's report from November 2014 [R. 268]. This is a gap in the record, as well as the medical records of claimant's ADHD diagnosis. As found in Hupp, supra, 2018 U.S. Dist. LEXIS 138099, at *7 (emphasis added), "given the duty on the ALJ to protect the pro se claimant by ensuring that all relevant facts are sufficiently developed and considered, **remand** is required here." It is legal error for the ALJ not to follow up with the pro se plaintiff and concluding that the record was complete at the end of the hearing, see id., 2018 U.S. Dist. LEXIS 138099, at *8. Thus, plaintiff's motion for judgment (Docket No. 14) on this ground is **granted**.

II.     Appeals Council Consideration

Given resolution above remanding for further proceedings before the ALJ, the objection to the lack of consideration by the Appeals Council to the submitted new evidence is deemed moot. The ALJ, on remand, should consider the new medical record and consider claimant's ADHD diagnosis. Therefore, plaintiff's motion for judgment (Docket No. 14) on this ground is deemed **moot**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 14) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 19) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four

9

of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of the Court shall close this case.

  So Ordered.

                  *s/Hugh B. Scott*
                  Hon. Hugh B. Scott
                 United States Magistrate Judge

Buffalo, New York
August 12, 2019